# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 123 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Harkins, et al. vs. Riverboat Services, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Bill of Costs submitted by RSI and Showboat are granted in part and denied in part. The Court awards RSI $8,278.21 in court costs against Plantiffs. The Court awards Showboat $10,979.41 in court costs against Plaintiffs.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

DK / courtroom deputy's initials

Document Number: 379

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN H. HARKINS<br>PETER STOFCIK, JR.<br>WALLIE DEL TORO<br>OFELIA CUEVAS<br>HOWARD CANNON<br>DAVID A. WILLIAMS<br>LAKESA HILL-HUNTER<br>LISA HILL<br>MICHAEL S. METEVIA<br>DANIEL T. O'BRIEN<br>LOUIS E. KELLY<br>DARRIN BENTON<br>SHAYN KEETON<br>DENNIS ARNOLD<br>TAMMIE JABLONSKI<br><br>Plaintiffs,<br><br>v.<br><br>RIVERBOAT SERVICES, INC.,<br>SHOWBOAT MARINA CASINO<br>PARTNERSHIP, and HARRAH'S<br>OPERATING COMPANY, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DOCKETED**<br>OCT 0 9 2003<br><br><br><br>Case No. 99 C 123<br><br><br>Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendants Riverboat Services, Inc., ("RSI"), Showboat Marina Casino Partnership, and Harrah's Operating Company, Inc., (collectively "Showboat") prevailed at trial by

379

obtaining a jury verdict in their favor. RSI and Showboat submitted two separate Bills of Costs. Plaintiffs have filed no objection.

**A.     RSI's Bill of Costs**

RSI submits its Bill of Costs requesting the sum of $12,529.47. Specifically, it claims $10,752.90 in court reporter fees for all or any part of the transcript necessarily obtained for use in the case; $80.00 in witness fees; $1,152.09 in copying fees of papers necessarily obtained for use in the case; and $544.48 in fees for Westlaw research.

**B.     Showboat's Bill of Costs**

Showboat submits its Bill of Costs requesting the sum of $13,523.07. Specifically, it claims $445.45 in fees for service of summons and subpoena; $8,484.12 in court reporter fees for all or any part of the transcript necessarily obtained for use in the case; $1,593.92 in witness fees; $1,894.32 in fees for exemplification and copies of papers necessarily obtained for use in the case; and $1,105.66 in attorney's travel expenses.

## II. DISCUSSION

Although Plaintiffs have not filed any objections to the Bills of Costs, RSI and Showboat are not automatically awarded costs because this Court may impose costs upon the Plaintiffs only if RSI and Showboat claim expenses that are reasonable, both in amount and necessity to the litigation. *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). This Court is vested with the discretion to decide

whether and to what extent costs may be awarded to prevailing parties. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993).

Pursuant to Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)"), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1); *see also* Local R. 54.1. The costs recoverable under Rule 54(d)(1) are enumerated in 28 U.S.C. § 1920. The following are recoverable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. There is a strong presumption that a prevailing party may recover these costs. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). This Court must award costs unless there are good reasons for denying them. *Id.*

### A. Fees for Service of Summons and Subpoena

Prevailing parties may not recover service costs in excess of the United States Marshal's fees. *Haywood v. Evergreen Motor Cars, Inc.*, No. 02 C 6408, 2003 WL 22220121, at *1 (N.D. Ill. Sept. 25, 2003). The United States Marshal's fees are $45.00 per hour and $0.365 per mile. *Menasha Corp. v. News Am. Marketing Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *3 (N.D. Ill. July 31, 2003).

Showboat requests $445.45 in costs for the service of subpoenas upon four parties. In support of its request, it has submitted coded invoices regarding the service of subpoena and the production of records. These costs appear reasonable. Therefore, the Court grants Showboat's request for costs associated with service of subpoenas: $445.45. RSI does not request an award for this type of cost.

## B.     Court Reporter and Transcript Fees

Generally, court reporter and transcript fees are recoverable. 28 U.S.C. § 1920. Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Local R. 54.1(b). This Court has ordered no other rate. Thus, the rate allowed for original deposition transcripts by the Judicial Conference of the United States, which is $3.00 per page, governs. VI Judicial Conference of the United States, Guide to Judiciary Policies & Procedures, Court Reporters' Manual, ch. 20, pt. 20.3 [hereinafter "Court Reporters' Manual"]. When the costs can not be obtained reasonably by reference to supporting documentation, the costs as requested can not be awarded. *See Shah*, 2003 WL 21961362, at 1.

### 1.     Showboat's Request for Costs Associated with Court Reporter and Transcript Fees

Showboat requests $8,484.12 in fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. Specifically, Showboat submits twenty-

4

nine different itemized invoices. The invoices include the following total costs: $830.00 for ASCII disks; $209.95 for copies of deposition exhibits; $280.00 for "minuscript"; $135.00 for "multi-page"; $95.50 for delivery/shipping/handling; $310.00 for "binding and delivery"; and $6,623.67 for deposition transcripts. The Court will discuss each item in turn.

### a. ACSII Disks

ASCII disks that are for Showboat's convenience are not recoverable. *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2003 WL 1908023, at *3 (N.D. Ill. 2003); *Jones v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000). Because each of the ASCII disks purchased by Showboat is duplicative of paper copies of certain transcripts, this Court finds that the ASCII disks are for Showboat's convenience. The costs associated with those disks, therefore, are not recoverable. Consequently, this Court denies Showboat's request for costs associated with the ASCII disks: $830.00.

### b. Deposition Exhibits

This Court can award to Showboat costs associated with essential deposition exhibits. *See Menasha Corp.*, 2003 WL 21788989, at *2 (quoting *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002)). The Court finds that the deposition exhibits in this case were essential. Therefore, the Court grants Showboat's request for costs associated with deposition exhibits: $209.95.

c.  **"Minuscript" and "Multi-Page"**

A "minuscript" is not recoverable as a second copy. *Hardy v. Univ. of Ill., Chi.*, No. 00 C 7639, 2002 WL 2022602, at *2 (N.D. Ill. 2002) (citing *Winfrey v. City of Chicago*, 2002 WL 965854 (N.D. Ill. Aug. 22, 2000)). Each invoice that includes a fee for a "minuscript" also includes a fee for a certified copy of a transcript. Therefore, the "minuscripts" in this case are second copies and are not recoverable as such. This Court consequently denies Showboat's request for costs associated with "minuscripts": $280.00.

In this case, "multi-page" refers to a feature that allows four original pages to be reproduced onto one copied page, making it the same as a "minuscript." Therefore, the same standard applies where a regular deposition copy was also received. Consequently, this Court denies Showboat's request for costs associated with "multi-page": $135.00.

d.  **Delivery/Shipping/Handling**

Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable. Court Reporters' Manual, ch. 20, pt. 20.9.4; *Franzoni v. Hartmarx Corp.*, No. 99 C 4898, 2003 WL 21397743 (N.D. Ill. June 16, 2003). Consequently, this Court denies Showboat's request for costs associated with delivering, shipping, and handling the transcripts: $95.50.

e.  **"Binding & Delivery"**

Thirteen invoices submitted by Showboat for the Court's review lump the fees for binding together with the fees for delivery. As discussed above, delivery costs are not

6

recoverable. Binding costs, however, may be recoverable. *First City Securities, Inc. v. Shaltiel*, No. 92 C 2620, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8, 1993); *see also Canal Barge Co.*, 2003 WL 1908032, at *5 (allowing the recovery of costs for bates stamping because the numbering was "reasonably necessary to the ordered production and use of those documents in th[e] litigation").

Although binding costs may be recoverable, the fact that recoverable binding costs and unrecoverable delivery costs are lumped together concerns this Court because a reasonable fee for binding is difficult to obtain. Obtaining a reasonable rate is not impossible, however. Based on the invoices from other vendors used by Showboat, this Court accepts $7.50 as a reasonable rate for delivery alone. Therefore, each of the thirteen invoices that lumped binding and delivery charges together should be reduced by $7.50, for a total reduction of $97.50. Consequently, this Court grants Showboat's request for the costs associated with binding only: $212.50.

f.     **Deposition Transcripts**

In support of its request for costs associated with deposition transcripts, Showboat submitted reasonable and acceptable invoices. The invoices show that Showboat paid no more than $2.25 per page, which is within the range set by the Judicial Conference of the United States. The Court consequently grants Showboat's request for costs for deposition transcripts: $6,623.67.

For the reasons stated above, the total amount awarded to Showboat for costs associated with court reporter and transcript fees is $7,046.12.

### 2. RSI's Request for Costs Associated with Court Reporter and Transcript Fees

RSI requests $10,752.90 in costs associated with court reporter and transcript fees for twenty depositions. In support of its request, RSI has not submitted copies of original invoices for transcribing services but rather copies of its invoices from its attorney. Although the Court recognizes that RSI incurred substantial deposition costs, it did not break out the various components. In the interest of justice, the Court awards RSI the same amount it awards Showboat for costs associated with court reporter and transcript fees: $7,046.12.

## C. Witness Fees

Pursuant to § 1920(3), prevailing parties may recover witness fees. The statutory limit for payment to a deponent is $40.00 per day plus reasonable travel and subsistence expenses. 28 U.S.C. § 1821(b), (c). Both the request by RSI and the request by Showboat are proper.

RSI deposed one witness for two days and requests $40.00 per day, with no travel or subsistence expenses. The Court, therefore, grants RSI's request for costs associated with its witness fees: $80.00.

Showboat deposed five witnesses for one day each and requests $40.00 per day per witness. Additionally, Showboat requests $1,433.52 for round trip coach airfare and one night of lodging, meals, local transportation, and parking in Oakland, California, for one

witness. These expenses appear reasonable. Consequently, the Court grants Showboat's request for costs associated with its witness fees: $1,593.52.

D.  **Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case**

To recover copy costs, the prevailing parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, they must "provide the best breakdown obtainable from retained records." *Id.*

Copy fees between $0.10 and $0.20 per page are reasonable. *Grayson v. City of Chicago*, No. 97 C 0558, 2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003). Costs for copies used "solely for attorney convenience," and not for "use in the case," are not recoverable. *Alexander v. CIT Tech. Fin. Svcs., Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002).

**1. RSI's Request for Copy Fees**

The Bill of Costs submitted by RSI requests an award of $1,152.09 for copy costs. In support of its request, RSI has submitted summary sheets explaining its copying costs. These summaries indicate the date or month the copying charges were incurred, the total amount of the charges, a rate of $0.15 per page for in-house copying, and that a portion of the documents were copied by a copying service. The charges are grouped into four categories: (1) preparing and filing motions to dismiss and for a more definite statement; (2)

documents for discovery; (3) exhibits for depositions and trial; (4) and motions for summary judgment. These categories are appropriate. Accordingly, this Court grants RSI's request for costs associated with copy fees: $1,152.09.

2. **Showboat's Request for Copy Fees**

This Court finds that Showboat has met its burden by providing the Court with a detailed description of copied documents that are reasonable and necessary to the case, the number of pages copied, the number of copies made, and the copy rate per page. Furthermore, Showboat's copy rate per page, $0.18, is within the range of reasonable rates.

Showboat requests $1,894.32 in fees for exemplification and copies of papers necessarily obtained for use in the case. Showboat, however, has indicated that it made four copies of each document. Generally, prevailing parties are permitted to recover the cost for making three copies only because § 1920 allows recovery for materials actually prepared for use in the litigation and delivered to the court and opposing counsel. *Franzoni v. Hartmarx Corp.*, No. 99 C 4898, 2003 WL 21397743, at *3 (N.D. Ill. June 16, 2003). Typically, litigation requires one copy for the defendant, one copy for the plaintiff, and one copy for the court. *Id.* In this case, the four copies Showboat made for each document are reasonable, however, because the Plaintiffs had two sets of counsel. This Court consequently grants Showboat's request for copying costs: $1,894.32.

E.  **Showboat's Request for Costs Associated with Attorney Travel Expenses**

Showboat requests costs associated with attorney travel expenses. Attorney travel expenses to attend a deposition are not recoverable as costs because such expenses are not listed as a recoverable cost in § 1920. *Amerisure Ins. Co. v. Roll Srvc., Inc.*, No. 01 C 5292, 2003 WL 21518549, at *2 (N.D. Ill. July 2, 2003) (citing *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975)). This Court consequently denies Showboat's request for costs associated with attorney travel expenses: $1,105.66.

F.  **RSI's Request for Costs Associated with Westlaw Research**

RSI requests costs associated with Westlaw research. Computerized research fees are not recoverable as costs under § 1920 or the case law of the Seventh Circuit. Computer research costs such as Westlaw "are more akin to awards under attorney's fees provisions than under costs." *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1440 (7th Cir. 1994) (quoting *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). Accordingly, computer research fees are not recoverable as costs. *Id.* at 1441. The Court consequently denies RSI's request for costs associated with Westlaw research fees: $544.48.

## III. CONCLUSION

Prevailing parties RSI and Showboat are entitled to recovery of court costs. **For the reasons set forth in this opinion, the Bills of Costs submitted by RSI and Showboat are granted in part and denied in part. The Court awards RSI $8,278.21 in court costs against Plaintiffs. The Court awards Showboat $10,979.41 in courts costs against Plaintiffs.**

**SO ORDERED THIS 8TH DAY OF OCTOBER, 2003.**

_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies mailed to:**

Ernest T. Rossiello
ERNEST T. ROSSIELLO & ASSOC.
134 N. LaSalle Street, Suite 2008
Chicago, IL 60602-1137

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOC.
431 South Dearborn, Suite 606
Chicago, IL 60605

Counsel for Plaintiffs

Julia D. Mannix
DAVIS, MANNIX & MCGRATH
125 S. Wacker Drive
Suite 1700
Chicago, IL 60606

Nicholas Anaclerio
UNGARETTI & HARRIS
3500 Three First National Plaza
Chicago, IL 60602-4283

Counsel for Defendants